**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DWIGHT ROSS,

    Plaintiff,

-vs-                                                        Case No.  8:05-CV-1304-T-30TGW

THE CIRCUIT COURT OF THE TWELFTH
JUDICIAL [CIRCUIT] IN AND FOR
MANATEE COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER

Plaintiff, an inmate in the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Mandamus (Dkt. 1) asking this Court to enter an order directing the Defendant to correct an allegedly "erroenous miscalculated, unsigned scoresheet."

Plaintiff challenges the sentence entered by the Twelfth Judicial Circuit Court, Manatee County, Florida, on charges of burglary of a structure and petit theft.  On March 8, 1995, the trial court sentenced Plaintiff to serve a period of thirty-five months, with credit for 161 days time served, on the burglary charge, and time served on the petit theft charge. Plaintiff challenged said conviction and sentence in a request for federal habeas relief filed in the district court on October 14, 1999, *see Ross v. Moore*, Case No. 8:99-CV-2366-T-30C (M.D. Fla. 2002). The issue Plaintiff raises in the instant petition was previously rejected in an order denying Plaintiff's § 2254 petition on April 1, 2002. *Id.*, Dkt. 24.

Writs of mandamus have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure, although United States district courts have jurisdiction in actions in the nature of mandamus pursuant to 28 U.S.C. § 1361.  Under § 1361, district courts have jurisdiction to compel <u>United States officials</u> to perform their duties. United States courts do not, however, have jurisdiction to issue writs of mandamus to direct <u>state courts or their judicial officers</u> in the performance of their duties.  *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971);[1] *Haggard v. State of Tennessee,* 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. State of Wisconsin,* 449 F. Supp. 914, 915 (E.D. Wis. 1978).  Therefore, this Court cannot grant the relief Plaintiff seeks.

**ACCORDINGLY**, the Court **ORDERS** that:

1. The Petition for Writ of Mandamus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment accordingly, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 20, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
*Pro Se* Plaintiff
SA:jsh

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court, unless reversed by this court sitting en banc. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).